NOT DESIGNATED FOR PUBLICATION

No. 126,792

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RAYMOND ROSS JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Submitted without oral argument. Opinion filed July 12, 2024. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Ethan Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Raymond Ross Jr. appeals the summary denial of his K.S.A. 60-1507 motion in which he alleged ineffective assistance of trial counsel. Ross argues that contrary to the district court's ruling, he presented substantial issues entitling him to an evidentiary hearing on his motion. Nevertheless, there are several problems with Ross' arguments. First, we note that the initial problem with Ross' arguments is that he fails to assert something more than conclusory contentions, which is necessary to obtain an evidentiary hearing. See *Breedlove v. State*, 310 Kan. 56, 66, 445 P.3d 1101 (2019). Here, he attempts to persuade by his mere assertions and repetitions. Because he offers no

1

reasons in support for his assertions and repetitions, they are incapable of persuading anyone who does not already agree with them.

Second, he contends that his trial attorney provided him with ineffective assistance of counsel because she failed to call certain witnesses during his trial. But he fails to explain how these alleged witnesses' testimony would have helped his defense. Finally, he failed to show how his attorney's representation of him prejudiced the outcome of his trial. For these reasons, we affirm the district court's summary denial of his motion.

BACKGROUND

As explained in Ross' direct appeal—*State v. Ross*, No. 120,322, 2020 WL 4555789 (Kan. App. 2020) (unpublished opinion)—a jury convicted Ross of committing one count of aggravated indecent liberties with a child, two counts of criminal sodomy, one count of indecent liberties with a child, and two counts of commercial sexual exploitation of a child. Ross victimized a 15-year-old girl by sexually abusing her over the course of six days in December 2016 and trafficking her at least once in exchange for methamphetamine the two of them shared.

In his direct appeal, Ross' primary argument was that the district court erred by denying his motion requiring the victim to submit to an independent psychological evaluation. Yet, we rejected Ross' argument that our Supreme Court's precedent in *State v. Gregg*, 226 Kan. 481, 489, 602 P.2d 85 (1979), required the district court to grant Ross' motion. Instead, we held that the district court reasonably weighed the six nonexhaustive factors outlined in *State v. McCune*, 299 Kan. 1216, 1231, 330 P.3d 1107 (2014), for determining whether compelling reasons exist to grant the independent psychological evaluation of an alleged sex abuse victim. *Ross*, 2020 WL 4555789, at *3-6. Also, while addressing Ross' argument that his motion was not a fishing expedition under the fifth *Gregg* factor because he needed the independent psychological evaluation "to present a

2

full and complete defense," we pointed to the victim's jury trial testimony. 2020 WL 4555789, at *5. We held that Ross' argument that he needed an independent psychological evaluation of the victim to present a full and complete defense was flawed for the following reasons:

> "Ross was able to argue that [the victim] was not a compelling witness before the jury. Ross pointed out that [the victim] was using methamphetamine, made prior allegations of rape against others, had multiple mental health diagnoses, self-reported short-term memory problems, and had inconsistencies between her testimony and her earlier statements. Even without an independent evaluation, Ross was able to make his points to the jury." 2020 WL 4555789, at *5.

A little less than a year after our Supreme Court denied Ross' petition for review of this direct appeal, Ross, acting pro se, moved for relief under K.S.A. 60-1507(a). Ross argued that his trial counsel's representation was so deficient that she violated his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution as outlined by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). So, Ross asked for an evidentiary hearing on his motion.

In his motion, Ross explained how his trial counsel's deficient performance altered the outcome of his trial for the following reasons: (1) because his trial counsel never called L.H., B.R., V.R., D.R, and Y.P. as witnesses to undermine the victim's credibility; (2) because his trial counsel never used a "forensic certified psychiatrist" to evaluate and interview the victim; and (3) because his trial counsel never used an "expert witness concerning the effects of methamphetamine on [the] psychologically troubled [victim]." In his motion, Ross also argued that "the District Court violated his U.S. Constitutional right to a speedy trial" under the Sixth Amendment to the United States Constitution by forcing him to proceed pro se. According to Ross, his original attorney "created a conflict of interest by yelling and threatening" him.

The State responded that the district court should summarily deny Ross' K.S.A. 60-1507 motion without an evidentiary hearing. When responding to each of Ross' arguments, it contended that his arguments were unpersuasive for many reasons.

The State further argued that neither the district court nor Ross' original counsel violated Ross' speedy trial rights. Rather, it asserted Ross' argument involved an issue of his own making when about a week before his jury trial, he refused to work with his original counsel, refused to proceed pro se, and insisted that his trial occur as scheduled. Essentially, Ross was upset that any attorney that the district court appointed could not be ready to competently represent him by his trial that was scheduled to occur in about a week. Hence, in his K.S.A. 60-1507 motion, Ross argued that the district court made him choose between waiving his speedy trial right and waiving his right to counsel. Of note, Ross' jury trial ultimately did not occur as scheduled for two reasons: (1) because the district court ordered Ross to undergo a competency evaluation, and (2) because the district court ordered new counsel, who was his trial counsel, to represent Ross.

Eventually, the district court summarily denied Ross' K.S.A. 60-1507 motion, finding each of his arguments conclusory. As for Ross' arguments about the potential lay witnesses that his trial counsel failed to use, the district court additionally explained that Ross "fail[ed] to establish the evidence would be admissible and that it [met] the prejudice prong of *Strickland*." It emphasized that Ross' arguments about what the witnesses might have testified about concerned the victim's credibility. It emphasized that his trial counsel "elicited testimony about [the victim's] drug use, short-term memory problems, mental health diagnosis, prior inconsistent statements, and that the victim lied about her age." Then, the district court ruled that in light of his trial counsel's cross-examination of the victim, Ross could not prove that his trial counsel was ineffective for failing to call the disputed lay witnesses. Likewise, the district court found that Ross' arguments about the disputed expert witnesses allegedly needed for the victim's psychological and for substance abuse evaluations "fail[ed] to detail what information or

4

position an expert would [have] provide[d] or how it would [have] change[d] the outcome of the trial." Finally, regarding Ross' speedy trial argument, the district court found that Ross' argument was inadequately briefed.

Ross timely appeals the summary denial of his K.S.A. 60-1507 motion.

ANALYSIS

In criminal cases, the Sixth Amendment guarantees that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." The right to counsel is applicable to the states through the Fourteenth Amendment to the United States Constitution. Also, this right guarantees a criminal defendant the right to *effective* assistance of counsel. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (citing *Strickland*, 466 U.S. at 687).

For a criminal defendant to prove that his or her counsel's performance was constitutionally deficient under the Sixth Amendment, the defendant must meet his or her burden under *Strickland's* two-prong ineffective assistance of counsel test. Under that test, the defendant must establish the following: (1) that his or her counsel's representation was constitutionally deficient under the totality of the circumstances and (2) that his or her counsel's deficient representation resulted in prejudice. *Sola-Morales*, 300 Kan. at 882-83 (citing *Strickland*, 466 U.S. at 687). The term "totality of the circumstances" under *Strickland*'s first prong means whether the defense counsel's representation fell below an objective standard of reasonableness. *Khalil-Alsalaami v. State*, 313 Kan. 472, 485, 486 P.3d 1216 (2021). The term "prejudice" under *Strickland*'s second prong requires the defendant to prove "that there is a reasonable probability the jury would have reached a different result absent the deficient performance." *Sola-Morales*, 300 Kan. at 882-83 (citing *Strickland*, 466 U.S. at 687).

5

When we analyze a defense counsel's performance, we strongly presume that the defense counsel's conduct fell within the wide range of reasonable professional assistance. *Khalil-Alsalaami*, 313 Kan. at 486. Thus, a criminal defendant trying to establish an ineffective assistance of counsel must overcome a strong presumption that the counsel's disputed decision was sound trial strategy. 313 Kan. at 486. As for the K.S.A. 60-1507 movant's burden of proof, it is a well-known rule that for a criminal defendant to get an evidentiary hearing on his or her K.S.A. 60-1507 motion, the defendant must "make more than conclusory contentions and must state an evidentiary basis in support of those claims or some evidentiary support must appear in the record." *Breedlove*, 310 Kan. at 66. If the defendant fails to make more than conclusory claims without evidentiary support, then the district court may summarily deny the defendant's K.S.A. 60-1507 motion without a hearing. An evidentiary hearing is not an opportunity for a movant to conduct a fishing expedition so that he or she "might catch a fact that could lead to something favorable." *Stewart v. State*, 310 Kan. 39, 54, 444 P.3d 955 (2019).

Significantly, when analyzing the summary denial of a K.S.A. 60-1507 motion, we exercise unlimited review over the district court's decision because we have the same motions, files, and records that the district court reviewed when it denied the movant's motion. *Breedlove*, 310 Kan. at 59.

Here, Ross requested relief from the alleged ineffective assistance of his trial counsel under K.S.A. 60-1507(a). This provision states that a movant may ask the court "to vacate, set aside or correct a sentence" whenever the movant establishes that "the sentence was imposed in violation of the constitution or laws of the United States." K.S.A. 2023 Supp. 60-1507(a). Ross argues that the district court erred by denying his K.S.A. 60-1507 motion because the motions, files, and records of his case definitively establish that his trial counsel's deficient representation violated his right to a fair trial under the Sixth Amendment. Indeed, he contends that the evidence of his trial counsel's

6

ineffectiveness is so strong that we should not bother reversing and remanding to the district court for an evidentiary hearing on his K.S.A. 60-1507 motion. Rather, we should go ahead and reverse his convictions and remand his case for a new trial.

In any case, Ross makes the same ineffective assistance of counsel arguments on appeal that he did before the district court. In other words, he argues that his trial counsel's representation was constitutionally deficient for the following reasons: (1) because his trial counsel did not call L.H., B.R., V.R., D.R., and Y.P. to testify to undermine the victim's credibility about previous inconsistent statements; (2) because his trial counsel did not use a forensic certified psychiatrist to evaluate the victim to undermine the victim's credibility because of her mental state; and (3) because his trial counsel did not use an expert witness on methamphetamine to undermine the victim's credibility given her substance abuse issues. Also, Ross still argues that in his underlying criminal case, the district court made him feel as if he had to proceed pro se or waive his speedy trial rights.

The State's response to Ross' arguments mirrors the district court's findings and rulings in its order summarily denying Ross' K.S.A. 60-1507 motion. It largely argues that Ross' arguments are conclusory, not supported by the record, or procedurally flawed. So, the State argues that we should affirm the district court's summary denial of Ross' K.S.A. 60-1507 motion.

Simply put, we find the State's arguments persuasive. To begin with, although Ross asserts that his trial counsel should have called B.R., V.R., Y.P., and D.R. to testify at his trial, his only argument is that those witnesses could have undermined the victim's credibility. Concerning L.H., Ross does mention that had L.H. testified about giving the victim gas cards and taking her to church, L.H.'s testimony would have contradicted an earlier statement that the victim had made to the police. Then, Ross asserts that had the

7

preceding witnesses testified about the victim's credibility, "the outcome of the trial *could* have been very different." (Emphasis added.)

Yet, by not proffering any specific evidence about what B.R., V.R., Y.P., and D.R. would testify about, it follows that Ross has not established (1) that his trial counsel was ineffective or (2) that his counsel's deficient performance prejudiced his defense. Rather, by simply mentioning their names without additional analysis, Ross has waived and abandoned any argument that he may have made about his trial counsel not calling the disputed lay witnesses to testify at his jury trial to undermine the victim's credibility. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (holding that an issue not briefed is deemed waived or abandoned). So, we hold that Ross has waived and abandoned all of his arguments about his trial counsel's performance as it concerns her failure to call B.R., V.R., Y.P., and D.R. as witnesses in his trial.

Turning to Ross' specific argument about his trial counsel not calling L.H. to testify, we further hold that Ross' trial record contradicts Ross' argument. Ross' main complaint about his trial counsel's failure to call L.H. to testify was that L.H. could testify about taking the victim to church and about giving her gas cards. Ross contends that this would have contradicted the victim's statement about telling the police these things had not happened. But in making this argument, Ross never explains why his trial counsel's failure to have L.H. testify about taking the victim to church and giving her gas cards would have changed the outcome of his trial. In addition, as stressed by the district court in its order as well as this court in Ross' direct appeal, at Ross' jury trial, the victim "was subject to cross examination and trial counsel attacked her credibility" on her methamphetamine use, her previous allegations of rape, her mental health problems, her memory problems, and her previous inconsistent statements. As a result, even if we assumed for the sake of argument that trial counsel's failure to call L.H. as a witness was error, Ross has not proven that this error was prejudicial.

8

As for Ross' arguments involving his trial counsel's failure to rely on an expert forensic certified psychiatrist and an expert on methamphetamine, we encounter related problems. Ross' entire argument why his trial counsel was ineffective for failing to rely on an expert forensic certified psychiatrist is that this expert "could testify to the reasons why there were inconsistencies" with some of the victim's statements to the police as compared to her preliminary hearing testimony. Meanwhile, Ross' entire argument why his trial counsel was ineffective for failing to rely on an expert on methamphetamine is that this expert could have testified about how drug use affects "the reliability of one's memory."

But in making those arguments, Ross does not explain how either expert's testimony would have changed the outcome of his trial. He just contends that his trial counsel's alleged failings prejudiced him without any additional analysis. Hence, even assuming that Ross' trial counsel erred by failing to call the disputed expert witnesses, Ross has inadequately briefed how this error prejudiced his defense as required under the second prong of the *Strickland* test. And once again, at trial, Ross cross-examined the victim about her drug use problems, short-term memory problems, mental health problems, and previous inconsistent statements. So, the jury convicted Ross knowing that the victim had credibility issues. As a result, even if Ross had fully addressed how his trial counsel's failure to rely on the experts prejudiced him, it is readily apparent that Ross' trial counsel's failure to rely on the experts had no bearing on the jury's guilty verdicts.

In addition, we stress that Ross' trial counsel moved for the victim to undergo an independent psychological evaluation more than four months before his jury trial. But the district court denied that motion. Then, when Ross challenged the district court's ruling in his direct appeal, we rejected his argument. *Ross*, 2020 WL 4555789, at *3-6. Ross has never contended that his trial counsel failed to adequately argue his motion for the victim to undergo an independent psychological evaluation. Thus, we hold that Ross' trial

counsel effectively represented Ross as it concerns trying to get an expert forensic certified psychiatrist to evaluate the victim.

Finally, Ross' argument that he had "no choice but to waive his right to a speedy trial because of the direct pressure the district court put upon him" was not properly before the district court and is not properly before us. As we explained when reviewing the background of this case, about a week before his scheduled jury trial, Ross refused to work with his original counsel, refused to proceed pro se, and insisted that his trial occur as scheduled in about a week. In the end, the district court continued Ross' jury trial so he could undergo a competency evaluation, during which time the district court also appointed Ross the trial counsel at issue in this appeal.

As a result, Ross' speedy trial argument does not involve his trial counsel's performance. Rather, it involves a potential trial error—whether the district court violated his speedy trial rights. But generally, a defendant must raise all arguments concerning trial errors in his or her direct appeal. *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011). Additionally, Kansas Supreme Court Rule 183(c)(3) (2024 Kan. S. Ct. R. at 240) states:

> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal."

Thus, to summarize Ross' speedy trial argument, it involves a constitutional trial error raised in a K.S.A. 60-1507 motion. Nevertheless, in his appellate brief, Ross never contends that there are exceptional circumstances allowing him to raise this alleged constitutional trial error for the first time in his motion. In turn, Ross has used his motion

to collaterally attack a trial error issue that he needed to raise in his direct appeal. So, under Supreme Court Rule 183(c)(3), we reject Ross' argument.

Affirmed.