IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 121,054

STATE OF KANSAS,
*Appellee*,

v.

LEE DAVIS IV,
*Appellant*.

SYLLABUS BY THE COURT

A showing of manifest injustice is not a condition precedent to a finding of excusable neglect. If a motion to withdraw a plea is filed outside the one-year time limitation, courts must decide whether a defendant has shown excusable neglect before reaching the question of whether manifest injustice requires that a defendant be permitted to withdraw a plea.

Review of the judgment of the Court of Appeals in an unpublished opinion filed May 1, 2020. Appeal from Brown District Court; JOHN L. WEINGART, judge. Opinion filed April 23, 2021. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Kevin M. Hill*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.: Lee Davis IV seeks review of the Court of Appeals' decision affirming the district court's denial of his motion to withdraw his plea as untimely.

1

Although we agree the Court of Appeals erred when it held a showing of manifest injustice is a condition precedent to a finding of excusable neglect, we hold this error was harmless and affirm the panel below because the district court denied his motion to withdraw his plea on its merits and Davis fails to argue the district court erred when it did so.

The State charged Davis with first-degree murder and child abuse for allegedly beating his four-year-old son to death. Pursuant to an agreement, the State amended the complaint and charged Davis with one count of second-degree murder and one count of child abuse and Davis pled no contest to the amended charges on April 29, 2013. The State anticipated Davis' criminal history score would be D for sentencing purposes and the agreement Davis signed stated, "In the event that the defendant's prior criminal history does not qualify him for the 'D' box, then the County Attorney shall charge the defendant with another crime which will place the defendant in the 'D' box and the defendant agrees to plea either guilty or no contest to said charge." Under the agreement, Davis consented to register as a violent offender for 15 years and to testify against potential codefendants. In a hand-written provision, Davis waived his right to appeal his "conviction[s] and sentence[s]," provided the sentences were within the presumptive guidelines.

The State later charged Davis with misdemeanor battery in a separate case. He pled no contest in both cases on the same day. At the plea hearing, Davis assured the district court he pled knowingly, intelligently, and with full knowledge of the plea agreement's consequences. The district court asked Davis whether he had sufficient time to review the plea agreement's hand-written amendments—including Davis' waiver of his right to appeal:

"THE COURT: And it also indicates that you'll waive the right to appeal your conviction provided the sentence is within sentencing guidelines; is that correct?

"[DAVIS:] Yes.

"THE COURT: And that is in paragraph it looks like addendum to paragraph 6e—

"[DAVIS:] Yes.

"THE COURT: —of the agreement. Do you understand that waiving your right to appeal means that whatever happens happens?

"[DAVIS:] Yes.

"THE COURT: Okay. Did you have a chance to visit with Mr. Kraushaar about the contents of this document?

"[DAVIS:] Yes.

"THE COURT: Did you sign it?

"[DAVIS:] Yes."

Davis' criminal history was scored as D, and the district court sentenced Davis to consecutive sentences of 200 months' imprisonment for second-degree murder and 34 months for abuse of a child.

Four years later, in January 2017, Davis filed a pro se K.S.A. 60-1507 motion attacking his convictions. The district court appointed counsel to represent Davis, and in July 2017, Davis' counsel moved to withdraw Davis' plea. Davis claimed excusable neglect for his out-of-time request to withdraw his plea made more than one year after

3

conviction. Specifically, Davis said he had not received the plea hearing transcript until 2017 and believed the plea agreement waiver of his right to appeal his convictions and sentencing also applied to any collateral attack. The district court heard oral arguments on Davis' motion to withdraw plea and later denied the motion in a memorandum opinion. Davis appealed, arguing the district court erred when it denied his motion to withdraw his plea as untimely.

The Court of Appeals affirmed the district court, explaining first:

"Davis argues the plain language of K.S.A. 2019 Supp. 22-3210(e)(1) does not limit the time a defendant has to file a postsentencing plea withdrawal motion when the defendant failed to file a direct appeal. Davis claims the clock never started to run on his motion because he never filed an appeal.

"Appellate jurisdiction must be invoked within 14 days after the judgment of the district court. K.S.A. 2019 Supp. 22-3608(c); see *Scaife v. State*, 51 Kan. App. 2d 577, 581, 350 P.3d 1 (2015) (party has 14 days to perfect appeal). Once 14 days pass, appellate jurisdiction is terminated.

"K.S.A. 2019 Supp. 22-3210(d)(2) permits a defendant to file a postsentencing plea withdrawal motion to correct manifest injustice. That motion

'must be brought within one year of: (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or the issuance of such court's final order following the granting of such petition.' K.S.A. 2019 Supp. 22-3210(e)(1).

"A district court may extend the time limit 'only upon an additional, affirmative showing of excusable neglect by the defendant.' K.S.A. 2019 Supp. 22-3210(e)(2). Because Davis did not file a direct appeal, he argues there was never any appellate

4

jurisdiction to terminate. Davis asserts that if the Legislature wanted the one-year time limit to apply to defendants who did not directly appeal, then it could have specifically said so in K.S.A. 2019 Supp. 22-3210(e)(1).

. . . .

". . . K.S.A. 2019 Supp. 22-3608(c) plainly states the time to appeal expires after 14 days. K.S.A. 2019 Supp. 22-3210(e)(1) plainly states the one-year time limit for plea withdrawal motions begins to run upon the expiration of the time to appeal. Accordingly, the wording of these statutes demonstrates the Legislature's desire to place a one-year time limit on a defendant's ability to withdraw a plea. Davis' effort to create an exception to that rule for defendants who either intentionally chose not to file an appeal or negligently did not appeal runs contrary to the legislative intent as expressed in the language of these statutes. Davis' suggestion that there be no time limit in instances where a defendant fails to file an appeal would create a loophole so large as to effectively allow all defendants to escape the consequence for not timely filing a direct appeal contrary to plain language of K.S.A. 2019 Supp. 22-3210(e)(1) and K.S.A. 2019 Supp. 22-3608(c).

"Accordingly, we hold Davis had one year from the date his appeal rights expired to file his motion to withdraw plea. Because he filed his motion more than three years after that date, his motion was untimely." *State v. Davis*, No. 121,054, 2020 WL 2089612, at *2-4 (Kan. App. 2020) (unpublished opinion).

On review before us, Davis reprises these arguments. But we find no error in the Court of Appeals reasoning and holding as set forth above. The procedural time limitation of K.S.A. 2019 Supp. 22-3210(e)(1) does apply to Davis' motion, and we affirm the Court of Appeals on this point.

The Court of Appeals then went on to analyze whether Davis had shown sufficient excusable neglect to justify filing out of time:

"K.S.A. 2019 Supp. 22-3210(e)(2) allows a district court to extend the one-year time limit 'only upon an additional, affirmative showing of excusable neglect by the defendant.'

"The district held a hearing on Davis' motion to withdraw his plea, and both sides argued whether excusable neglect existed to allow Davis to file his motion out of time. After hearing argument, the district court took the issue under advisement. The district court subsequently issued a written memorandum decision in which it did not discuss excusable neglect. Instead, the district court dismissed Davis' motion as untimely because Davis was always represented by competent counsel, informed of his right to appeal, and agreed not to appeal.

"Even though the district court did not make a specific finding on the existence of excusable neglect, the law likely does not require the district court to do so. . . .

"In its memorandum opinion, the district court addressed the merits of Davis' motion. . . . Although the district court used the words manifest injustice, it found Davis' claims lacked merit because he had been represented by competent counsel, had been informed of his right to appeal, and had agreed not to appeal. . . . Therefore, Davis did not show manifest injustice and, as a result, did not satisfy the condition precedent to excusable neglect. We hold the district court applied the appropriate standard to Davis' plea withdrawal motion." 2020 WL 2089612, at *4.

Davis now contends the Court of Appeals erred when it held that a showing of manifest injustice is a "condition precedent" to a finding of excusable neglect. On this point of law, Davis is correct. As our colleague and then-Judge Standridge explained in a different Court of Appeals opinion:

6

"A motion to withdraw a guilty plea filed after sentencing is subject to a manifest injustice standard. K.S.A. 2017 Supp. 22-3210(d)(2). When the defendant files such a motion, the substantive issue for decision by the court is whether the defendant has shown that permitting him or her to withdraw a guilty plea after sentencing is necessary to correct a manifest injustice.

"In 2009, our Legislature imposed a one-year procedural deadline before which defendants must file any substantive motion to withdraw a guilty plea after sentencing. L. 2009, ch. 61, § 1. Specifically, K.S.A. 2017 Supp. 22-3210(e)(1) provides that any action under subsection (d)(2) to withdraw a plea after sentencing must be brought within 1 year of '[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction' or 'the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition.' Pursuant to subsection (e)(2), however, this procedural time limit may be extended by the court only if the defendant makes an affirmative showing of excusable neglect. If the defendant fails to make the necessary showing of excusable neglect, the motion is rendered untimely and will be procedurally barred without consideration of any alleged substantive merit. *State v. Williams*, 303 Kan. 605, 608, 366 P.3d 1101 (2016)." *State v. Cortez-Dorado*, No. 118,683, 2018 WL 6580091, at *3 (Kan. App. 2018) (unpublished opinion) (Standridge, J., concurring).

We agree. The lower courts essentially got the relationship between excusable neglect and manifest injustice backwards. Excusable neglect is a procedural standard that permits a defendant to seek to withdraw a plea out of time. Manifest injustice is the substantive standard used to determine whether a motion to withdraw a plea should be granted or denied. The procedural timeliness fork-in-the-road comes first along this particular analytical path. In other words, if a motion to withdraw a plea is filed outside the one-year time limitation, courts must decide whether a defendant has shown excusable neglect *before* reaching the question of whether manifest injustice requires that a defendant be permitted to withdraw a plea.

7

The lower court errors, however, are harmless. Davis concedes the district court denied his motion on its merits. And he fails to argue that the district court erred when it denied his motion on the merits. Issues not briefed are deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). With an unchallenged lower court ruling on the merits, any legal error putting the substantive cart before the procedural horse is rendered harmless.

Affirmed.