NOT DESIGNATED FOR PUBLICATION

No. 126,711

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

QUENTIERO D. REESE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER J. ROUSH, judge. Submitted without oral argument. Opinion filed March 8, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2022 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HURST and COBLE, JJ.

PER CURIAM: Quentiero D. Reese was convicted of aggravated battery and the Sedgwick County District Court sentenced him to prison time but placed him on probation. He now appeals the district court's later decision to revoke his probation. Reese argues that the district court abused its discretion by revoking his probation and ordering him to serve the underlying prison sentence. After Reese filed a motion for summary disposition of this appeal under Supreme Court Rule 7.041A (2023 Kan. S. Ct. R. at 48), which the State did not contest, we granted said motion. Finding no abuse of discretion by the district court, we affirm.

1

In October 2022 Reese pleaded guilty to two counts of aggravated battery, a severity level 7 felony, both with sexual motivation. The district court sentenced Reese to 25 months of imprisonment and imposed 24 months' probation with community corrections.

In February 2023, Reese received a 48-hour jail sanction imposed by his intensive supervision officer (ISO) after testing positive for alcohol use on three occasions. Then, in March 2023, Reese was arrested under a warrant alleging new violations of his probation terms. The State claimed Reese was unsuccessfully discharged from cognitive thinking classes, consuming alcohol, violating curfew, and failing to enter medical detox as ordered. At the probation violation hearing, Reese admitted to the violations and waived his right to an evidentiary hearing. The district court imposed a three-day jail sanction and reinstated his probation with the same conditions. The district judge advised Reese, "[W]hat that means is the next time you come here on a probation violation, I can send you to prison without any further sanctions."

About three months later, Reese was arrested under another warrant alleging probation violations. The State alleged Reese failed two separate breathalyzer tests, had two positive urinalyses (UAs) for alcohol, was in possession of unauthorized medication, and failed to complete the court-ordered residential program.

The district court held an evidentiary hearing on the alleged probation violations. Reese argued the breathalyzer machine could have been faulty resulting in false-positive results as well as the UAs having false-positive results. The district court found "the conglomeration of the multiple" positive breath tests and the positive UAs showed there was "not much of a question the State" met its burden to show alcohol consumption by a preponderance of the evidence and found Reese in violation of his probation terms. Reese

asked the court to impose additional sanctions and to reinstate his probation. The district court revoked Reese's probation finding that the court had imposed all required intermediate sanctions. The court acknowledged the limited positive progress that Reese had made while on probation and modified his sentence to 18 months' imprisonment with 12 months' postrelease supervision. Reese timely appeals.

ANALYSIS

On appeal, Reese challenges not the district court's finding of a probation violation but its revocation of his probation, arguing he had substantially complied with the terms of probation and was wrestling with alcohol addiction. Instead of revoking his probation, Reese claims the court should have imposed another sanction, citing K.S.A. 2022 Supp. 22-3716(c)(1)(C), which states "the court *may* impose the following sanctions: . . . to serve the sentence imposed, or *any lesser sentence*." (Emphases added.)

Once a probation violation has been established, the decision to revoke probation is within the district court's sound discretion, unless the court's action is limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). We review the district court's decision for an abuse of discretion—that is, we determine whether the decision was (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; (3) or based on an error of fact. 315 Kan. at 328. This means we will not reverse the district court's decision to revoke probation unless no reasonable person would agree with it or if it is based on a legal or factual error. *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017). The party asserting the district court abused its discretion—here, Reese—must prove such an abuse. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

We first examine the relevant statute, K.S.A. 2022 Supp. 22-3716(c)(1), to determine whether the revocation of Reese's probation was an error of law. Quite simply, it was not. Under K.S.A. 2022 Supp. 22-3716(c)(1)(C), if a violator already had a court-

3

ordered sanction imposed under subsection (c)(1)(B)—the two- or three-day jail sanctions—revocation of probation is permitted. Here, before Reese's first probation violation hearing, he received a 48-hour jail sanction from his ISO. Soon after, Reese stipulated to violating his probation and received a three-day jail sanction from the district court for violating the terms of his probation and had his probation terms reinstated. Because he had previously served a court-imposed three-day sanction under K.S.A. 2022 Supp. 22-3716(c)(1)(B), revocation of his probation was legally appropriate.

Reese bears the burden to demonstrate some factual error in the district court's decision, but he asserts none and we likewise find none. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (an issue not briefed is deemed waived or abandoned). And, we cannot say no reasonable person could agree with the district court's decision. In less than a year after being sentenced, Reese faced probation violations on three separate occasions—the first two of which he admitted, and the third which the district court found at an evidentiary hearing that he violated his probation terms. During that hearing, the district court explained how probation was not working for Reese, noted his failure at residential treatment, and found Reese was "maybe [not taking] the treatment recommendation as seriously as possible." The district court noted on the record it had "previously imposed all required intermediate sanctions," but considering Reese's other positive performance on probation, modified his prison sentence "down to 18 months from 25 months."

Under these circumstances, we find a reasonable person could agree with the district court's decision to revoke Reese's probation and order him to serve his modified prison sentence. Reviewing the record, we observe no abuse of discretion.

Affirmed.