NOT DESIGNATED FOR PUBLICATION

No. 126,360

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SETH D. DAVIDSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Submitted without oral argument. Opinion filed June 14, 2024. Affirmed.

*Sam. S. Kepfield*, of Hutchinson, for appellant.

*Robin L. Sommer*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., MALONE and WARNER, JJ.

PER CURIAM: Seth D. Davidson appeals the district court's order revoking his probation and ordering him to serve his original jail sentence for two misdemeanor convictions. Davidson's only claim on appeal is that the district court erred in not considering intermediate sanctions before imposing the original sentence. But because the convictions were for misdemeanors, not felonies, the district court had the statutory authority to revoke Davidson's probation and impose his jail sentence without first imposing intermediate sanctions. Thus, we affirm the district court's judgment.

1

In February 2020, the State charged Davidson with two counts of felony theft after prior conviction after he stole a vacuum from Target and then another from Home Depot, both committed in December 2019. Davidson later agreed to plead guilty to two amended counts of misdemeanor theft in violation of K.S.A. 2019 Supp. 21-5801(a)(1), (b)(4). In exchange for his plea, the State agreed to recommend a controlling 12-month jail sentence for each count, running concurrent, and Davidson being granted 12 months' probation. On March 16, 2021, the district court accepted Davidson's plea agreement and imposed the recommended sentence. As conditions of his probation, Davidson was required to report to his probation officer, maintain employment, complete a theft offender course, perform community service, and make payments towards court costs and restitution.

Just short of a year later, in February 2022, the State issued a probation warrant alleging Davidson had failed to report to his probation officer, failed to maintain employment, and had failed to make monthly payments as required. Six months later, the State issued another warrant alleging Davidson had failed to complete his mandated community service and had not made his requisite monthly payments.

The district court held a probation violation hearing on November 1, 2022, at which the State presented evidence that Davidson ceased reporting to his probation officer in October 2021, that he had failed to provide proof he had obtained employment, and that he had stopped making required payments in July 2021 with an outstanding balance of $128.47. Davidson asserted that he had only failed to report to his probation officer because he had COVID, that he had maintained employment, and that he had paid the majority of the $771.97 he was ordered to pay. But Davidson's probation officer maintained that Davidson had failed to provide documentation to support these claims, and that regardless of his claim of having COVID, Davidson had not reported in about

2

eight months. After hearing the State's evidence, the district judge found that Davidson violated the terms of his probation:

> "[A]s noted, defendant was not reporting for nine months. A warrant was issued for eight months. So whatever you may have completed on the probation, you clearly did not continue with the most basic aspects of probation, which are the reporting and complying with requests from his probation officer.
>
> "Seems like Mr. Smith was pretty reasonable in giving him opportunities to provide the proof of the COVID testing and rescheduled him on multiple occasions. And whatever the true case was with the COVID, whether he was being honest about that or not, doesn't really matter. Clearly, looks like he got about over a month to try and get his COVID situation lined up, and then he just never reported, which is, unfortunately for the defendant, unacceptable.
>
> "So I don't find there is really any option but to revoke his probation at this time. I'm going to revoke that."

The district court then ordered Davidson to serve his original 12-month sentence but authorized him to be placed in work release after serving the first 6 months. Davidson timely appealed the district court's judgment.

## DISCUSSION

Davidson's sole claim on appeal is that the district court "erred in not considering intermediate sanctions before imposing the original sentence." The State asserts that Davidson's claim fails because the statutory intermediate sanction scheme for felony probation cases does not apply to misdemeanor convictions.

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A judicial action constitutes an abuse of discretion if it is arbitrary, fanciful, or unreasonable or is based on an error of fact or law. *State v. Levy*,

3

313 Kan. 232, 237, 485 P.3d 605 (2021). Davidson bears the burden of showing an abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021). Davidson makes no claim on appeal that the evidence in district court was insufficient to establish a probation violation. An issue not briefed is considered waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

Davidson argues that the district court abused its discretion because its decision to revoke his probation was based on an error of law—that is, he contends the court needed to impose intermediate sanctions before ordering him to serve his original sentence. But Davidson overlooks the fact that the unambiguous language of the probation revocation statute treats felony and misdemeanor convictions differently.

Under K.S.A. 2019 Supp. 22-3716(b)(3)(B)(i)-(iii), when a person violates probation in a *misdemeanor* case, the district court has broad discretion to continue or modify probation, impose a two- or three-day intermediate jail sanction, or revoke probation and impose the original sentences. In *felony* cases, K.S.A. 2019 Supp. 22-3716(b)(3)(A) provides that once "a violation is established, the court may impose the violation sanctions as provided in subsection (c)(1)." K.S.A. 2019 Supp. 22-3716(c)(1)(A)-(C) in turn provides that a district court can only revoke probation after imposing at least one two-day or three-day jail sanction, the total of which shall not exceed 18 days. K.S.A. 2019 Supp. 22-3716(c)(7)(A)-(D) provides some exceptions for requiring an intermediate jail sanction even in felony cases.

Because Davidson pled guilty to two misdemeanors, K.S.A. 2019 Supp. 22-3716(b)(3)(B) is the applicable subsection. After Davidson's violation was established, the district court had the discretion to continue or modify probation, impose a jail sanction, or simply revoke probation and require him to serve his sentence—without first imposing a sanction. See *State v. Robles*, No. 125,687, 2023 WL 7985587, at *1 (Kan. App. 2023) (unpublished opinion); *State v. Cooper*, No. 123,970, 2022 WL 188917, at *2

4

(Kan. App. 2022) (unpublished opinion); *State v. Hunter*, No. 117,304, 2017 WL 6062922, at *2 (Kan. App. 2017) (unpublished opinion). Here, the district court chose the final option, and no intermediate jail sanction was necessary. The district court did not abuse its discretion by committing an error of law when it revoked Davidson's probation. Davidson does not challenge the district court's decision on any other basis.

Affirmed.