NOT DESIGNATED FOR PUBLICATION

No. 126,070

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMIE N. LEHL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed July 19, 2024. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Jamie N. Lehl appeals the district court's order revoking her probation and ordering her to serve the original jail sentence for a misdemeanor criminal damage to property conviction. Lehl's only claim on appeal is that the district court erred in not considering intermediate sanctions before imposing the original sentence. But because the conviction was a misdemeanor, not a felony, the district court had the statutory authority to revoke probation and impose the underlying jail sentence without first imposing intermediate sanctions. Accordingly, we affirm the district court's judgment.

1

## FACTUAL AND PROCEDURAL HISTORY

In March 2021, the State charged Lehl with one count of felony criminal damage to property for allegedly damaging a car without the owner's consent the previous month. Lehl agreed to plead guilty to a reduced charge of misdemeanor criminal damage to property. As a result, the district court imposed a controlling jail sentence of six months, set aside for a one-year probation term.

Approximately six months later, a warrant was issued alleging Lehl had violated probation by failing to obey a directive by her probation officer to remain in the probation office lobby and failing to obtain a mental health evaluation. Over a year after Lehl was placed on probation, a second warrant was issued alleging Lehl violated probation by failing to obey the laws of the United States, State of Kansas, and any other jurisdiction. In particular, Lehl had been charged with unlawful possession of methamphetamine in February 2022.

At the probation revocation hearing, Lehl stipulated to the probation violations. The State requested revocation and imposition of the underlying sentence. Lehl's attorney asked the district court to consider reinstating her probation because Lehl had been pursuing drug treatment and had arrangements made for recovery programs. Lehl explained that she lost a job she held at a grocery store because the pay was too low and then could not work as an Uber driver because her car had been taken from her. Lehl also wanted to get her life back together so her kids could see she was "worth it."

The district court denied her request, revoked her probation and imposed the underlying sentence with credit for time served, finding that Lehl had shown she was not amenable to probation.

Lehl timely appealed.

ANALYSIS

Lehl's only claim on appeal is that the district court "erred in not considering intermediate sanctions before imposing the original sentence." The State responds that this claim must fail because the statutory intermediate sanction scheme for felony probation cases does not apply to Lehl because her underlying conviction is a misdemeanor. The State is correct.

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A judicial action constitutes an abuse of discretion if it is arbitrary, fanciful, or unreasonable or is based on an error of fact or law. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). As the party asserting error, Lehl bears the burden of showing an abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Lehl notes that the State must prove a probation violation by a preponderance of the evidence. Yet, she does not claim there was insufficient evidence she violated probation—nor could she, given the fact that she stipulated to the violations. Thus, whether she actually violated her probation is not at issue here. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (issues not briefed are deemed waived or abandoned). So the district court did not commit a factual error.

Lehl argues the district court abused its discretion based on an error of law, since she contends the court failed to consider whether to impose intermediate sanctions before ordering her to serve her underlying sentence. But as the State points out, Lehl erroneously relies on the portion of the probation revocation statute that deals with felony convictions.

3

Because Lehl committed her crime of conviction in February 2021, K.S.A. 22-3716 controls here. Under that statute, when a person violates probation in a misdemeanor case, the district court has broad discretion to continue or modify probation, impose a two- or three-day intermediate jail sanction, or revoke probation and impose the original sentence. K.S.A. 22-3716(b)(3)(B)(i)-(iii). Stated another way, a district court is not required to consider imposing intermediate sanctions before ordering a person to serve their underlying sentence in a misdemeanor case. Though Lehl was originally charged with a felony, she ultimately pleaded guilty to a misdemeanor, so K.S.A. 22-3716(b)(3)(B) is the applicable subsection.

Thus, once Lehl stipulated to violating her probation, the district court had the discretion to continue or modify probation, impose a jail sanction, or simply revoke probation and require her to serve her sentence—without first imposing a sanction.

Moreover, even under the provisions applicable to felony probation, the district court can revoke probation without imposing an intermediate sanction if "the offender commits a new felony or misdemeanor while the offender is on probation." K.S.A. 22-3716(c)(7)(C). Lehl admitted to committing new offenses, so the district court could have revoked her probation without imposing intermediate sanctions even if the felony provisions applied. So the district court did not commit a legal error.

Finding that there was neither a factual nor a legal error, the final issue becomes whether the court's decision was unreasonable. Lehl offers a few reasons why reinstating her probation would have been appropriate, including that "[t]his was her first violation" and "[s]he clearly needed drug treatment, after her admission of addiction, and resources would have been better spent in addressing this rather than incarcerating her." A district court's action is unreasonable when no reasonable person would have come to the same conclusion. *State v. Gonzalez*, 290 Kan. 747, 755, 234 P.3d 1 (2010).

4

Under the circumstances present, a reasonable person could agree with the district court's decision to revoke probation. Lehl violated probation repeatedly, including by absconding, failing to complete drug treatment programs as directed, and committing new felony offenses for drug possession. We have no hesitancy in finding that the district court did not abuse its discretion by revoking Lehl's probation and imposing the underlying sentence.

Affirmed.