NOT DESIGNATED FOR PUBLICATION

No. 125,646

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRUCE L. EPPS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Submitted without oral argument. Opinion filed July 19, 2024. Appeal dismissed.

*Korey A. Kaul,* of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon,* assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach,* attorney general, for appellee.


Before MALONE, P.J., HURST and COBLE, JJ.


HURST, J: Bruce Lee Epps appeals the district court's imposition of a term of imprisonment rather than the statutorily presumed probationary term. However, Epps has completed his entire term of imprisonment and postrelease supervision at the time of this appeal, and thus the State argues Epps' claim is moot. Epps fails to rebut, or even address, the State's mootness argument and has failed to show any rights that this court could protect, despite his completion of the entire sentence.

Epps' appeal is dismissed.

1

FACTUAL AND PROCEDURAL BACKGROUND

In January 2021 Bruce Lee Epps pled guilty to aggravated domestic battery, a person felony, and criminal possession of a firearm by a convicted felon, a nonperson felony. The presentence investigation (PSI) report indicated that Epps' criminal history score would be E for the aggravated domestic battery conviction, which carried a presumptive probation sentence under the Revised Kansas Sentencing Guidelines. Epps did not object to the content of the PSI report or his criminal history score.

In March 2021, the district court held a sentencing hearing, but Epps failed to attend. Epps' attorney was present and explained that Epps stopped by while he was out of the office and signed a continuance form citing "something about employment." Epps' attorney did not have time to act on this request before the hearing but did attempt to contact Epps that morning. The State requested the court issue a warrant for Epps' arrest because the victim was present to testify; there was not sufficient notice to request a continuance; and the victim indicated she had received messages from Epps that made her believe Epps was abusing substances and was not employed. Therefore, the State expressed "concerns about why he's not here this morning." The court questioned the victim, who stated that Epps had contacted her since entering his plea by calling her and begging her to come to where he lived. The victim said the contact was unwanted.

On June 5, 2022—more than a year after the sentencing hearing—Epps was arrested on his outstanding warrant. The court held the rescheduled sentencing hearing a few weeks later, and Epps' new counsel explained that Epps missed the prior sentencing because he thought his attorney had secured a continuance. His attorney also explained that Epps had been in and out of the hospital since the prior hearing. The court continued the sentencing to allow time to consider Epps' reasons for missing his sentencing hearing and to decide whether a departure was appropriate.

2

On July 13, 2022, the court filed a notice informing the State and Epps that it intended to depart from the recommended disposition of probation. The court's motion provided the following reasons for contemplating departure:

"1. The substantial and compelling reason for the departure is defendant's (D) lack of amenability to probation.

"a. D has 74 entries in his PSI—10 adjudications and 64 convictions.

"b. D's entries span a time period of 40 years.

"c. Ignoring D's traffic entries, D has approximately 32 convictions and 10 adjudications.

"d. D's two most recent felony probation cases, to-wit:  Entry 57 and 71, both resulted in D's probation being revoked.

"—Entry 57—D was on probation for approximately 5 weeks before committing a new crime.

"—Entry 71—D was on probation for approximately 4 months before he failed to report to Adult Probation.

"e. D failed to appear at his original sentencing date (3/25/21) and was not arrested for the failure to appear until 6/5/22. D's explanation for his failure to appear until his arrest is underwhelming (see record from 6/24/22)."

On July 21, 2022, the court held the sentencing hearing and explained that due to circumstances surrounding his prior counsel, the court assumed that Epps had not been informed of the sentencing hearing in March 2021.  However, the court also believed— and Epps' counsel conceded—that Epps knew he had an outstanding warrant for the year between hearings.  Epps spoke on his own behalf and asked the court to grant him probation, stating that "I can be successful on probation. I've done it before, but this time I'm going to—I'm trying to get out and on my Social Security, my disability."

The court explained that Epps was not amenable to probation not only because of the number of prior convictions but also because he had previously failed on probation. The court had prior experience with Epps related to PSI entry 71 in 2016 when Epps was

3

placed on probation, which the court revoked after six months due to Epps' violations. Additionally, in 2008, a different judge placed Epps on probation for felony DUI and Epps violated that probation within 40 days by committing a new crime, causing the court to revoke his probation. Epps argued that he successfully completed probation on PSI entry 71, but the court reviewed its records and reiterated that he did not complete probation in that case.

The court granted its own motion, departed from presumptive probation, and sentenced Epps to 19 months in prison for aggravated domestic battery and a concurrent term of 7 months in prison for criminal possession of a weapon by a convicted felon. The court explained Epps' right to appeal and noted that Epps had approximately 166 days of jail credit. Epps appealed.

DISCUSSION

On appeal, Epps claims that the district court erred by doing a "deep dive" into his criminal history to support its upward departure. Epps failed to object to the PSI report or the court's upward departure at sentencing, which means he failed to properly preserve the issue for appeal. Epps argues that despite his failure to preserve the issue, this court should hear his appeal because it presents a question of law on undisputed facts that implicates his Fourteenth Amendment rights. The State argues that Epps' claim is moot. Epps did not address mootness in his brief on appeal and failed to file a reply brief addressing the State's mootness arguments.

Whether a case is moot is a question of law over which this court exercises unlimited review. *State v. Roat*, 311 Kan. 581, Syl. ¶ 3, 466 P.3d 439 (2020). A case is moot when it has been clearly and convincingly shown that the actual controversy has ended and that any judgment entered would not impact any of the party's rights. 311 Kan. at 584. If the court concludes the defendant's requested relief would have no impact on

4

his rights, the court may dismiss the appeal as moot. 311 Kan. at 593. "[A]n appeal is moot only if judgment would be 'ineffectual for *any purpose*'; a case is not moot if 'it may have adverse legal consequences in the future.'" 311 Kan. at 592 (quoting *State v. Montgomery*, 295 Kan. 837, Syl. ¶ 3, 286 P.3d 866 [2012]). Though Kansas appellate courts generally do not decide moot questions or render advisory opinions, mootness is a prudential doctrine—not jurisdictional—and appellate courts have recognized exceptions to that general prohibition. *Roat*, 311 Kan. at 590; *Montgomery*, 295 Kan. at 841.

The party asserting mootness carries the initial burden of establishing a case is moot. When a defendant appeals only their sentence, the State can demonstrate the appeal is moot by showing that the defendant has fully completed the terms of their sentence. *Roat*, 311 Kan. at 593. Once established, the burden shifts to the party opposing a finding of mootness "to show the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies." 311 Kan. at 593. The State argues Epps' challenge is moot "because he has completed serving the entire sentence" and was on postrelease supervision when the State's brief was filed. According to the Kansas Adult Supervised Population Electronic Repository (KASPER), Epps was released from prison confinement on April 25, 2023, and his postrelease supervision expired on November 13, 2023. Although this court cannot rely on the dates established from its own review of the KASPER system, the State filed a notice of change in custodial status that estimated Epps' discharge from postrelease supervision would occur in late October 2023. See *State v. Yazell*, 311 Kan. 625, 631, 465 P.3d 1147 (2020).

There is nothing in the record controverting the State's notice of Epps' change in custodial status. Epps did not preemptively assert any defenses to a potential mootness argument, and he failed to file a reply brief addressing the State's mootness assertion. Instead, in his brief, Epps requests reversal of his dispositional departure sentence. The Kansas Supreme Court has held that an abstract right to a correct sentence where the sentence imposed has been served, without more, "is an insufficiently substantial right to

warrant further appellate review." *Roat*, 311 Kan. at 598. To avoid dismissal due to mootness, "[l]itigants must do more than mention speculative rights; they must give substance to their arguments when asserting that protection of collateral rights necessitates resolution of their underlying appellate issues." 311 Kan. at 601. Epps failed to assert any rights—collateral or otherwise—that would be protected by this court's ruling in this matter despite his completion of all terms of confinement and postrelease supervision. Moreover, an issue not briefed is deemed waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

Epps has completed all terms of confinement and postrelease supervision in this case, and Epps failed to show any of his substantial rights would be impaired by dismissal of his claim for mootness. See *Roat*, 311 Kan. at 593. Epps failed to rebut the State's prima facia showing of mootness, and his claim is dismissed.

Appeal dismissed.