NOT DESIGNATED FOR PUBLICATION

No. 127,560

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Care and Treatment of
MICHAEL PREISS.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ROBB RUMSEY, judge. Submitted without oral argument. Opinion filed February 21, 2025. Affirmed.

*Jakob Ladanyi*, of Ladanyi Law LLC, of Wichita, for appellant.

*Dwight R. Carswell*, deputy solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and WARNER, JJ.

PER CURIAM: Michael Preiss was convicted of sexual offenses against young boys on three occasions. Near the end of his most recent prison sentence, the State initiated an action to civilly commit Preiss for treatment under the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 et seq. During these proceedings, Preiss' counsel requested a competency evaluation. The district court denied this request, and the jury ultimately found Preiss should be committed.

Preiss appeals the district court's denial of his request for a competency evaluation. But he now raises a different challenge under a separate constitutional provision from the arguments he made to the district court. Appellate courts are courts of review, and the record in this case does not allow us to meaningfully consider the argument that Preiss presents for the first time on appeal. We therefore affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

Preiss was convicted of sexual offenses against young boys in 1994, 2005, and 2007. Near the end of Preiss' prison sentence for the 2007 conviction, the State initiated an action to determine if Preiss should be civilly committed to the custody and control of the Kansas Secretary of Aging and Disability Services for treatment under the Kansas Sexually Violent Predator (SVP) Act, K.S.A. 59-29a01 et seq.

In the proceedings leading up to his trial in the SVP case, Preiss consistently refused to come to court. Given this pattern of behavior, Preiss' counsel petitioned the court to order a competency evaluation, citing concern that Preiss was unable to understand the nature and purpose of the proceedings against him or assist in his defense. The district court denied this motion based on precedent from the Kansas Supreme Court.

The case went to a jury trial in March 2023, which Preiss also refused to attend. At the trial, the State called two expert witnesses, Dr. Bradford Sutherland and Dr. Mitchell Flesher—licensed psychologists who had performed psychological assessments of Preiss. Both experts testified that

- Preiss had been convicted of a sexually violent offense as defined by the Act;

- Preiss suffered from a mental abnormality—pedophilic disorder—as defined by the Diagnostic and Statistical Manual of Mental Disorders, p.697 (5th ed. 2013);

- Preiss was likely to engage in repeat acts of sexual violence because of this disorder; and

- In their professional opinions, Preiss had serious difficulty controlling his dangerous behavior.

2

Both experts also discussed the possibility that Preiss suffered from schizophrenia. Dr. Flesher testified that he did not diagnose Preiss with schizophrenia because Preiss was not exhibiting any signs or symptoms at the time of his evaluation. But Dr. Sutherland did diagnose Preiss with schizophrenia, multiple episodes, in partial remission with medication. According to Dr. Sutherland, from 2012 to 2013—while Preiss was incarcerated— he began manifesting symptoms of schizophrenia that worsened with time. Some of these symptoms involved fixating on other inmates' genitals. Dr. Sutherland believed that there was a higher chance Preiss would commit other sexual offenses in the future when that fixation was combined with Preiss' history of sexual violence against young boys and his inconsistent use of the medication to control his schizophrenia.

At the close of the trial, the jury found that Preiss was a sexually violent predator subject to involuntary confinement.

DISCUSSION

On appeal, Preiss challenges the constitutionality of the proceedings leading to his civil commitment. But he does so based on a different constitutional provision and for a different reason than he raised in his argument before the district court. These differences require some explanation and ultimately demonstrate why it would not be prudent for us to consider Preiss' new—and unpreserved—argument for the first time on appeal.

When the issue of a competency evaluation was raised before the district court, Preiss' counsel focused on the concern that Preiss was unable to understand the nature and purpose of the proceedings against him or assist in his defense. Counsel recognized that the Kansas Supreme Court has held that a person's constitutional right to due process of law did not require them to be deemed competent before they could be adjudicated for involuntary civil commitment under the Act. See *In re Care and Treatment of Sykes*, 303

Kan. 820, 827, 367 P.3d 1244 (2016). But Preiss' counsel argued that this holding was "ripe to relitigate." The district court denied this request, finding it was compelled to follow the Kansas Supreme Court's decision in *Sykes*.

Preiss refused to attend his trial. At the start of the trial, Preiss' attorney reiterated that his client's absence illustrated why he had requested a competency evaluation. The attorney then entered a continuing objection that Preiss should have undergone such an evaluation. The district court acknowledged the objection, telling the attorney to "do whatever you think you need to do in order to preserve that issue for yourself." On the next day of trial, Preiss' attorney reiterated this objection.

In this appeal, however, Preiss no longer pursues his previous claim that the absence of a competency evaluation violated his constitutional right to due process. Accord *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (Issues not raised are deemed waived or abandoned.). Instead, he now argues that the district court violated his right to *equal protection* under the United States and Kansas Constitutions when it denied him a competency evaluation—an issue he never raised to the district court. Preiss asserts that an evaluation would have been granted to other similarly situated people with schizophrenia facing long-term civil commitment for non-SVP reasons. He argues that the only difference between him and someone who was civilly committed for other mental-health reasons is the State's discretionary choice to file under the Act instead of some other statutory framework.

But appellate courts are courts of review. See *In re Parentage of R.R.*, 317 Kan. 691, 705, 538 P.3d 838 (2023). The arguments Preiss presented to the district court— questioning his competency and asserting that the absence of a competency determination violated his right to due process—involved different issues requiring a different analysis from an equal-protection challenge. Thus, there is no ruling or record for us to review on Preiss' new equal-protection claim. Indeed, Kansas courts have long recognized that a

person may not challenge a decision at trial in one way and then offer a different challenge on appeal. See *State v. Bliss*, 61 Kan. App. 2d 76, 103, 498 P.3d 1220 (2021), *rev. denied* 314 Kan. 856 (2022). This is because "[t]he practice of raising new arguments on appeal . . . deprives the district court of the ability to fully analyze the admissibility of the evidence in question" and "deprives the reviewing court of the district court's evaluation of that question." 61 Kan. App. 2d at 103.

Even so, Preiss urges us to exercise our discretion to consider his new argument. It is true, as the parties acknowledge, that appellate courts occasionally exercise our discretion to reach an unpreserved argument if we find that the issues warrant our review and if review is possible based on the record before us.

> "For example, an appellate court may decide to take up an otherwise unpreserved issue if it involves a purely legal question, requiring no factual development, that fully resolves that case. Or a court may choose to consider a new argument, given a sufficient factual record, if it is necessary to protect a person's fundamental rights." 61 Kan. App. 2d at 92-93.

Preiss urges us to exercise this discretion and consider his equal-protection claim because it involves a legal question and implicates his constitutional rights. But these factors alone do not warrant considering an unpreserved legal argument when the record does not otherwise permit meaningful appellate review.

In particular, Preiss claims that a competency evaluation would have been granted to other similarly situated people with schizophrenia facing long-term commitment for non-SVP mental health reasons. But because Preiss never argued this at the district court, there are no facts in the record to support that claim. There are likewise no facts to support Preiss' assertion that his case is more akin to a mental-health commitment than an SVP case. And Preiss does not point to any statute that would support either argument. The State disputes Preiss' legal and factual assertions. And the Kansas Supreme Court's

discussion in *Sykes* appears to undercut Preiss' claims that the denial of a competency evaluation in this case was different from what would have occurred in other non-SVP civil commitment proceedings. See *Sykes*, 303 Kan. at 825 ("There is no statutory requirement of competence in civil proceedings, and we decline to create one.").

In short, engaging with the merits of Preiss' claim would require this court to speculate about facts that were not proved or admitted before the district court and to consider a legal framework that was not discussed or developed in previous proceedings. As such, we decline to consider Preiss' new equal-protection arguments on appeal. Because Preiss raises no other challenges to his adjudication and commitment, we affirm the district court's judgment.

Affirmed.