NOT DESIGNATED FOR PUBLICATION

No. 126,498

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHAWANDA L. HATLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC N. WILLIAMS, judge. Submitted without oral argument. Opinion filed January 30, 2026. Sentence vacated and case remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and PICKERING, JJ.

PICKERING, J.: Shawanda L. Hatley appeals from the district court's determination of her criminal history score, claiming her sentence is illegal because the district court improperly included a 2017 criminal threat conviction in her criminal history score. After review, we agree, Hatley's criminal history score was improperly calculated. We vacate her sentence and remand for the district court to resentence Hatley consistent with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

Hatley is a disabled woman living on SSI. In 2017, Hatley and L.L. engaged in a verbal confrontation over their living arrangements. Hatley asked L.L. to leave the home, but L.L. did not comply. To get L.L. to leave the property, Hatley threatened that she would cut him. Based on his knowledge of Hatley, L.L. believed Hatley's threat was serious.

In case No. 17CR343 (Case 1), the State originally charged Hatley with aggravated assault, a severity level 7 person felony. Hatley agreed to plead guilty to criminal threat, a severity level 9 person felony, in exchange for the State's amended charge and the State's recommendation of the sentencing grid's mid number. A 2008 attempted aggravated battery conviction required Hatley to register under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq. As part of the criminal threat plea agreement in Case 1, the State agreed not to charge Hatley with prior failures to register.

The State's factual basis was that Hatley made the threat "in reckless disregard for the risk of causing fear and it was a threat to commit violence." Hatley entered a plea under *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), for the criminal threat charge, a severity level 9 person felony, with the "intent to place another in fear . . . or in reckless disregard of the risk of causing such fear." The district court sentenced Hatley to a controlling sentence of 12 months in prison but suspended the sentence and granted probation.

During Hatley's probation for Case 1, it was alleged that Hatley tested positive for cocaine. She admitted the use but fled from probation in June 2017. Hatley failed to report to probation and failed to register in August 2017. The State alleged probation

violations in Case 1 and charged Hatley with failure to register in case No. 17CR3169 (Case 2).

In October 2017, the district court issued an arrest warrant for Hatley. Between 2017 and 2023, Hatley did not commit any additional violent crimes but failed to report to probation. The State did not apprehend Hatley until March 2023, when she was booked for interference with a law enforcement officer.

In April 2023, Hatley pled guilty to violating KORA in Case 2, a severity level 6 person felony. At Hatley's May 2023 sentencing, the district court dismissed the probation violation allegations in Case 1 for failure to timely serve the warrant.

According to the presentence investigation report, Hatley's criminal threat conviction in Case 1 classified Hatley with a D criminal history score because it was a person felony. The district court determined Hatley had a D criminal history score and imposed a 34-month prison sentence plus 24 months of postrelease supervision. Hatley did not challenge the district court's criminal history score determination.

Hatley timely appealed. After Hatley filed her appeal, she filed a letter of additional authority under Supreme Court Rule 6.09 (2025 Kan. S. Ct. R. at 40), citing *State v. Smith*, 320 Kan. 62, 90-91, 563 P.3d 697 (2025). In the letter, Hatley argued that her criminal threat conviction should not be counted in her criminal history score because *Smith* held: "'If a prior conviction arose under a statute "that has since been determined unconstitutional by an appellate court," it cannot be counted in a criminal history score' even if the ruling of unconstitutionality is later overturned by a future appellate court." The State did not file a reply to this letter.

We now address Hatley's issues.

ANALYSIS

*The District Court Erred When It Included Hatley's Criminal Threat Conviction in Hatley's Criminal History Score*

*Preservation*

For the first time on appeal, Hatley challenges her criminal history score. A defendant may raise the issue of an illegal sentence, including challenges to his or her criminal history score, for the first time on appeal. See K.S.A. 22-3504; *State v. Steinert*, 317 Kan. 342, 351-52, 529 P.3d 778 (2023). Therefore, we will address this argument.

*Standard of Review*

An appellate court may review whether "the sentencing court erred in either including or excluding recognition of a prior conviction or juvenile adjudication for criminal history scoring purposes." K.S.A. 21-6820(e)(2).

A district court's classification of a prior conviction for criminal history scoring involves statutory interpretation, over which appellate courts exercise unlimited review. *State v. Ewing*, 310 Kan. 348, 351, 446 P.3d 463 (2019). Under K.S.A. 21-6814(d), a reviewing court may take judicial notice of "journal entries, complaints, plea agreements, jury instructions and verdict forms for Kansas convictions" to determine whether prejudicial error exists in the calculation of a defendant's criminal history score.

*Discussion*

On appeal, Hatley argues:  (1) The district court erred when it included Hatley's criminal threat conviction in her criminal history score because *State v. Boettger*, 310

Kan. 800, 450 P.3d 805 (2019), has since ruled reckless criminal threat unconstitutional; and (2) even if *Counterman v. Colorado*, 600 U.S. 66, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023), overrules *Boettger*, we should interpret section 11 of the Kansas Constitution Bill of Rights to give more protection than the First Amendment to the United States Constitution.

K.S.A. 21-6814(c) provides that should the defendant challenge his or her criminal history score at sentencing, the State bears the "burden of proving the disputed portion of the offender's criminal history." The burden of proof shifts from the State to the defendant depending on the stage of the proceedings. But should the defendant later challenge his or his criminal history, "which has been previously established, the burden of proof shall shift to the offender to prove such offender's criminal history by a preponderance of the evidence." K.S.A. 21-6814(c). Here, the burden shifts to Hatley because she challenges her criminal history score for the first time on appeal. K.S.A. 21-6814(d).

Under K.S.A. 21-6810(d)(9), "[p]rior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes." Our Supreme Court confirmed that the "'literal reading' of K.S.A. 21-6810(d)(9) implies that reckless criminal threat convictions can *never* be included in a criminal history score 'because at one point in time, the Kansas Supreme Court determined that the reckless criminal threat statute violated the First Amendment.'" (Emphasis added). *Smith*, 320 Kan. at 90.

Under *Smith*, 320 Kan. at 91, and K.S.A. 21-6810(d)(9), a conviction for criminal threat can only be included in a defendant's criminal history score if the prior conviction arose under the intentional portion of the statute. However, if the criminal threat conviction arose under the reckless portion of the same criminal threat statute, then the conviction may not be considered when calculating a defendant's criminal history score.

*Boettger*, 310 Kan. at 822-23. Further, if it is unclear on which provision of the criminal threat statute a defendant's prior conviction is based, then it is error to include the conviction in calculating a defendant's criminal history score. See *State v. Degand*, 63 Kan. App. 2d 457, 465, 530 P.3d 439 (2023); *State v. Holloman*, No. 125,062, 2023 WL 3143656, at *5 (Kan. App. 2023) (unpublished opinion); *State v. Martinez-Guerrero*, No. 123,447, 2022 WL 68543, at *5-6 (Kan. App. 2022) (unpublished opinion).

In addition to arguing that Hatley has not preserved the issue, the State argues that Hatley's First Amendment *Boettger* claim is meritless after *Counterman*. This same argument was presented by the State in *Smith* but was ruled as "*irrelevant* under the plain language of K.S.A. 21-6810(d)(9)." (Emphasis added.) 320 Kan. at 91. This statute, our Supreme Court explained, "asks *only* whether an appellate court 'has since' ruled the statute unconstitutional—not whether that holding remains good law." 320 Kan. at 91. There, because the State had failed to prove that Smith's criminal threat conviction "arose under a portion of the statute that remained constitutional after *Boettger*," the *Smith* court held that the district court erred in considering Smith's conviction when calculating Smith's criminal history score. 320 Kan. at 91.

Similar to *Smith*, here, the district court relied upon an unconstitutional conviction when it determined Hatley's criminal history score. In 2023, Hatley pled guilty to the KORA violation, and the district court included Hatley's criminal threat conviction in her criminal history score. Hatley did not challenge the criminal history score, but, at the time, *Boettger* made reckless criminal threat unconstitutional. 310 Kan. at 822-23.

Importantly, the State's factual basis for Hatley's criminal threat plea was that the threat was made recklessly. The State advised the district court in part: "That the threat was made *in reckless disregard* for the risk of causing fear and it was a threat to commit violence." (Emphasis added.) Based on the State's factual basis, the district court found that "there's an adequate factual basis for the plea." And on appeal, Hatley provides the

only evidence that the plea's factual basis was for recklessness. Moreover, the State does not suggest how Hatley's conviction could be for intentional criminal threat. An issue not briefed is deemed waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

Thus, we rule that, although the charging documents and the entry of judgment failed to distinguish between whether the criminal threat conviction was intentional or reckless, the State's factual basis for the criminal threat conviction was for recklessness. As noted above, if there is uncertainty as to which provision of the criminal threat statute a defendant's prior conviction is based on, the conviction should not be included when calculating a defendant's criminal history score. *Degand*, 63 Kan. App. 2d at 465. As a result, Hatley's criminal threat conviction should not have been considered in calculating her criminal history score.

Because we follow *Smith* and do not address whether *Counterman* overruled *Boettger*, we need not reach Hatley's additional, unpreserved argument that section 11 of the Kansas Constitution Bill of Rights provides more protection than the First Amendment.

We hold that the district court erred in including Hatley's criminal threat conviction when determining her criminal history score. We therefore remand this case for the district court to recalculate Hatley's criminal history score and resentence Hatley.

Sentence vacated and case remanded for resentencing with directions not to include Hatley's criminal threat conviction in her criminal history score.