NOT DESIGNATED FOR PUBLICATION

No. 128,231

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VICTOR ALLEN WENTE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sheridan District Court; KEVIN BERENS, judge. Submitted without oral argument. Opinion filed March 27, 2026. Appeal dismissed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Andrew J. Lohmann*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., CLINE, J., and CAREY HIPP, District Judge, assigned.

CLINE, J.: Victor Allen Wente appealed the district court's revocation of his probation and assessment of jail credit. But while his appeal was pending, Wente was released from prison. We find Wente's appeal is moot and therefore dismiss it.

On February 5, 2018, the district court sentenced Wente in three cases. The court imposed consecutive prison sentences in all three cases but suspended those sentences and placed Wente on probation for 12 months.

1

On February 8, 2019, a voluntary extension of probation was filed. This extension sought to extend Wente's probation "until all court obligations are paid in full." Wente, his intensive supervision officer, the county attorney, and the presiding judge all signed this extension.

On August 5, 2019, the district court found that Wente violated his probation and extended his probation for 12 months. Then on January 6, 2020, after another violation, the district court revoked Wente's probation and imposed his underlying prison sentences. The court did not grant Wente any jail credit when it imposed his sentences.

Wente timely appealed the revocation of his probation. But Wente was not appointed counsel until June 12, 2024.

While Wente's appeal was pending, the State filed a notice of change in custodial status showing that Wente had served his sentence and had been released. After this, our court issued a show cause order requesting the parties to explain why this case should or should not be dismissed on mootness grounds.

Wente asserts two reasons why his appeal is not moot. First, he argues that we must consider his appeal since he is asserting the district court did not have jurisdiction to revoke his probation. Second, Wente claims if he is successful on appeal he can pursue expungement of his convictions sooner and he can pursue "civil remedies" such as a legal malpractice suit against his counsel.

*Standard of Review and Relevant Legal Framework*

Kansas courts do not have the constitutional authority to issue advisory opinions. *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 898, 179 P.3d 366 (2008). Rather, courts decide concrete questions that will have an actual impact on the parties before it.

2

And, even if the case began with an active dispute, courts will generally not continue to hear the case if the issues become moot. *Roat*, 311 Kan. at 584. "Mootness occurs when circumstances, such as completing a sentence, would render a judicial decision ineffectual to a party's vital rights." *State v. Wilson*, 319 Kan. 55, 58, 552 P.3d 1228 (2024).

Kansas courts use a burden-shifting framework to assess whether a moot case should be dismissed. A party can seek dismissal by showing that the actual controversy in the case has ended and that any judgment that could be entered "'would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" *Roat*, 311 Kan. at 584. The party asserting that issues in a case have become moot must make a prima facie showing that the actual controversy in the case has ended. See 311 Kan. 581, Syl. ¶ 6. The burden then shifts to the other party, who must "show the existence of a substantial interest that would be impaired by dismissal" or convince this court that "an exception to the mootness doctrine applies." 311 Kan. 581, Syl. ¶ 7.

Last summer, the Kansas Supreme Court issued its opinion in *State v. Phipps*, 320 Kan. 616, 570 P.3d 1240 (2025), *reh. granted* October 17, 2025, purporting to overrule *Roat*'s mootness analysis and replace that burden-shifting framework with an absolute jurisdictional bar against hearing moot cases. But the court has granted a rehearing in *Phipps* and has ordered supplemental briefing on the issues in that case, effectively suspending its previous decision. See Supreme Court Rule 7.06(c) (2026 Kan. S. Ct. R. at 51). Because of this, we must proceed under *Roat*'s framework.

*Wente fails to overcome his burden of showing the existence of a substantial interest that would be impaired by dismissal, and he does not argue that an exception to the mootness doctrine applies.*

The State asserts that Wente's two appellate arguments became moot once Wente served his sentence and was released in this case. It maintains that whether the district

3

court had jurisdiction to revoke Wente's probation is a moot issue because this court cannot change the sanction imposed given that Wente served his sentence. And it asserts that Wente's jail credit claim is also moot because his sentence has been served and his prison term cannot now be shortened to account for a miscalculation of jail credit.

Wente makes no argument on whether his jail credit claim is moot. We therefore find he has waived this issue on appeal by failing to brief it. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (An issue not briefed is deemed waived or abandoned.). As for his other claim, Wente contends that this court has a duty to address jurisdiction, and he contends this duty "trumps" mootness concerns. He also argues that a successful appeal would impact both his right to seek expungement sooner and pursue a legal malpractice claim against his counsel.

The problem with Wente's jurisdictional argument is it does not address the effect of a decision on the merits. Even if this court were to consider whether the district court had jurisdiction over his probation revocation, the end result is the same: This court cannot alter history and change the fact that Wente has already served the sanction he claims the court had no jurisdiction to order. And, as the State points out, this court has dismissed moot claims even when jurisdictional claims were made. For example, in *In re Care & Treatment of Teer*, No. 89,652, 2004 WL 1191445, at *1-2 (Kan. App. 2004) (unpublished opinion), we found that amendments to a statute mooted the defendant's claim that the court lacked jurisdiction.

We find Wente's other arguments equally unpersuasive. For one, Wente has not shown that a successful appeal would impact the time frame in which he could successfully pursue an expungement of the three convictions in the cases which underlie this appeal. Under K.S.A. 21-6614(a), a person convicted of a severity level 9 felony (like Wente was in the three cases at issue in this appeal) can petition the convicting court for expungement if three or more years have elapsed since the person satisfied the

sentence imposed or was discharged from probation. K.S.A. 21-6614(h) provides some requirements for expungement. It allows for the expungement of a petitioner's arrest record, conviction, or diversion if the court makes certain findings. It states:

"At the hearing on the petition, the court shall order the petitioner's arrest record, conviction or diversion expunged if the court finds that:

(1)(A) The petitioner has not been convicted of a felony in the past two years and no proceeding involving any such crime is presently pending or being instituted against the petitioner if the petition is filed under subsection (a)(1) or (a)(2); or

(B) no proceeding involving a felony is presently pending or being instituted against the petitioner if the petition is filed under subsection (a)(3);

(2) the circumstances and behavior of the petitioner warrant the expungement;

(3) the expungement is consistent with the public welfare; and

(4) with respect to petitions seeking expungement of a felony conviction, possession of a firearm by the petitioner is not likely to pose a threat to the safety of the public." K.S.A. 21-6614(h).

As the State points out, Wente has several impediments to pursuing an expungement apart from this appeal.

For one, the State asks this court to take judicial notice under K.S.A. 60-409 of a case pending against Wente at the time the State filed its brief. This case involved felony possession of methamphetamine alleged to have occurred on March 29, 2025, which was after Wente's sentences expired in the cases that are the subject of this appeal. To be eligible for an expungement, an applicant cannot have a felony conviction in the prior two years or a felony case presently pending. Because Wente has a pending felony case, he would not be eligible for expungement.

Next, Wente's presentence investigation report revealed that at the time of sentencing he had an outstanding warrant, a failure to appear in municipal court, and nine other felony cases pending. And, last, the State asks this court to take judicial notice of

Wente's 2020 conviction for criminal use of a weapon in another case. Therefore, according to the State, given Wente's pending charges and extensive criminal behavior, the likelihood that this appeal, even if successful, will change his ability to obtain expungement before 2028 is too tenuous and speculative to prevent this court from dismissing it as moot.

In response, Wente does not dispute the existence of any pending cases or his extensive criminal history. Instead, he cites K.S.A. 21-5108(b) for the proposition that he must be presumed innocent of all pending charges. From this, he claims we must presume his innocence and presume that any pending charges will be resolved in his favor.

Yet what Wente misses is that it is not a matter of whether he is presumed innocent of any of the charges. Under the expungement statute, one of the circumstances preventing a petitioner from successfully seeking expungement is a pending felony case. And here, Wente would not be eligible for expungement regardless of whether he is successful on this appeal because he has a felony case pending against him. Because of this, Wente's expungement argument does not present a compelling reason preventing us from dismissing this case as moot.

As for Wente's last argument, he claims the outcome of this appeal "could also impact [his] ability to pursue civil remedies in the future." Wente stated that he "has communicated to counsel that he intends to pursue civil remedies if his appeal is successful."

Wente is correct that pursuing a legal malpractice suit is an interest which can prevent an appeal from becoming moot. But our Supreme Court has said that when evaluating whether the interest in a malpractice suit is a vital, or substantial, right requiring a judgment, a "plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim in forward-looking prisoner actions that seek to remove roadblocks to future

6

litigation." *Roat*, 311 Kan. at 596. And the "predicate claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than just 'hope.'" 311 Kan. at 596-97. "Failure to brief an analytic framework sufficiently for effective appellate review is tantamount to not raising the issue at all." 311 Kan. at 597.

Wente fails to describe any theory of malpractice he could assert against his counsel, and we are not required to imply one. Simply stating that he intends to pursue a legal malpractice suit is not enough to get past the threshold established by our Supreme Court. See 311 Kan. at 596-97. Therefore, Wente's civil remedy argument is equally unavailing to show that this appeal is not moot.

Appeal dismissed.