NOT DESIGNATED FOR PUBLICATION

Nos. 129,030
129,031

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONALD L. BUHRLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL A. RIOS, judge. Opinion filed January 30, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ISHERWOOD, P.J., CLINE and COBLE, JJ.

CLINE, J.: Donald L. Buhrle appeals from two cases: case number 22-CR-23 (Case 1) and case number 23-CR-662 (Case 2), which were consolidated at his request on appeal. In Case 1, the district court revoked Buhrle's probation and imposed his underlying sentence. In Case 2, the district court sanctioned Buhrle to a three-day quick dip in jail and ordered him to return to probation after he completed his sentence in Case 1.

After consolidation, Buhrle filed an unopposed motion for summary disposition under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48), which we granted. Although Buhrle appealed both cases, he only argues the district court abused its

1

discretion in revoking his probation and imposing his underlying sentence in Case 1. He presents no argument on the court's decision to sanction him in Case 2. As a result, he has waived any argument about the court's decision in Case 2. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (An issue not briefed is deemed waived or abandoned.).

FACTUAL AND PROCEDURAL BACKGROUND

In Case 1, Buhrle pled guilty to one count of burglary of a nondwelling and another count of theft. On May 31, 2023, the district court sentenced him to 21 months' imprisonment, but it suspended his sentence and granted a dispositional departure, placing him on 24 months' probation.

In Case 2, Buhrle entered a guilty plea to one count possession of methamphetamine. On September 15, 2023, the district court sentenced Buhrle to 20 months' imprisonment and ran this sentence consecutive to Case 1. But the court suspended this sentence and placed Buhrle on 18 months of supervised probation.

A few months later, on November 15, 2023, the State filed two orders to show cause why probation should not be revoked in both cases. These show cause orders were accompanied by an affidavit from Buhrle's probation officer. The probation officer alleged that Buhrle failed to maintain contact with his supervision officer, failed to report, and failed to obtain a drug and alcohol assessment. Later, in both cases, the State filed an amended motion with a supplemental affidavit from Buhrle's probation officer which further alleged that Buhrle had failed to remain crime free because he was arrested in a different case for theft.

On April 2, 2025, the district court held a hearing on these alleged violations. Buhrle admitted to the violations, including failing to remain crime free. The State asked the court to remand both cases. Buhrle asked the court to impose a three-day quick dip

2

sanction and to extend his probation for 18 months. Buhrle also told the court he understood that he violated his probation, which is why he asked the court to order intermediate sanctions and then reinstate his probation.

Ultimately, due to the violations Buhrle admitted to, the district court revoked his probation for Case 1 and ordered him to serve his underlying sentence. And then for Case 2, the court sanctioned Buhrle to a three-day quick dip and ordered that he return to probation after completing his sentence in Case 1. The court also stated it would extend his probation for 12 months after his release.

REVIEW OF BUHRLE'S APPELLATE CHALLENGE

As mentioned, Buhrle argues the district court abused its discretion in revoking his probation in Case 1.

Kansas appellate courts review district court decisions to revoke probation for abuse of discretion. A court abuses its discretion if the judicial decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. The party raising abuse of discretion bears the burden of establishing it. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Buhrle, as the party asserting abuse of discretion, bears the burden of showing the district court acted outside its discretion. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Once a probation violation and an exception to the intermediate sanctions requirement are established, the district court has discretion in determining whether to continue a defendant's probation or to revoke that probation and require the defendant to serve the underlying prison sentence. *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015). Under K.S.A. 22-3716(c)(7)(B), a court may revoke probation without a sanction if the probation was originally granted as the result of a dispositional departure.

3

And under K.S.A. 22-3716(c)(7)(C), a court may revoke probation without prior sanctions if a new crime is committed while on probation.

On appeal, Buhrle argues that no reasonable judge would have agreed with the decision to revoke his probation and send him to prison in Case 1 while probation remained an appropriate sanction in Case 2 at the same hearing. In short, because the district court found an extension of probation appropriate in Case 2, Buhrle claims it should have found the same in Case 1.

Even though the district court chose not to revoke Buhrle's probation in Case 2, it did not necessarily mean the court was prohibited from revoking his probation in Case 1 nor does it make the court's decision in Case 1 automatically unreasonable. The district court found two statutory bases to revoke Buhrle's probation and impose his underlying prison sentence in Case 1. First, under K.S.A. 22-3716(c)(7)(C), the court could revoke Buhrle's probation because it found a new crime of theft was committed after he admitted to it. Second, under K.S.A. 22-3716(c)(7)(B), the court could revoke his probation because his original grant of probation came from a dispositional departure.

While the district court did not state the specific reasons why it chose to revoke Buhrle's probation in Case 1 but not in Case 2, it did not need to. The dispositional departure statutory exception does not require particularized findings. See *Tafolla*, 315 Kan. at 331. It should also be noted the court did not have this dispositional departure exception available to it in Case 2 because Buhrle's original grant of probation in that case was not from a dispositional departure. Thus, because the court appropriately used two statutory bases for revoking Buhrle's probation, we cannot say the court's decision to revoke his probation was unreasonable. We therefore find no abuse of discretion.

Affirmed.

4